1  BRIAN R. CHAVEZ-OCHOA
   CALIFORNIA STATE BAR #190289
2  CHAVEZ-OCHOA LAW OFFICES
   4 JEAN STREET, SUITE 4
3  VALLEY SPRINGS, CALIFORNIA 95252
   (209) 772-3013
4  FAX (209) 772-3090

5  Attorneys for Plaintiffs

6

7                UNITED STATES DISTRICT COURT

8              FOR THE DISTRICT OF MASSACHUSETTS
                                    MAGISTRATE JUDGE Collings
9                    EASTERN DIVISION

10                                    04  10008 WGY

11  REV. PATRICK J. MAHONEY, CHRISTIAN )  Case No.:
                                       )
12  DEFENSE COALITION, OPERATION       )  COMPLAINT FOR INJUNCTIVE AND
                                       )  DECLARATORY RELIEF AND DAMAGES
13  RESCUE BOSTON and OPERATION        )
                                       )  [First and Fourteenth Amendments to the
14  RESCUE WEST,                       )  United States Constitution, 42 USC Section
                                       )  1983]
15        Plaintiffs,                  )
                                       )  DEMAND FOR JURY TRIAL
16     vs.                             )
                                       )
17  CITY OF BOSTON and MAYOR THOMAS    )   RECEIPT #_____
                                       )   AMOUNT $150
18  M. MENINO, in his Official Capacity as )  SUMMONS ISSUED Yes
                                       )   LOCAL RULE 4.1____
19  Mayor of the City of Boston,       )   WAIVER FORM_____
                                       )   MCF ISSUED_____
20        Defendants.                  )   BY DPTY. CLK. F.O.M
                                       )   DATE 5/19/04
21  _____)

22                       **COMPLAINT**

23                     **NATURE OF THE CASE**

24     1.   This is a civil action pursuant to 42 U.S.C. Section 1983 to vindicate the

25  plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

26  The plaintiffs, an ordained Presbyterian Minister, Christian Defense Coalition, an unincorporated

27  religious association, and Operation Rescue Boston, as well as Operation Rescue West,

28  unincorporated Pro-Life Associations, seek injunctive and declaratory relief, as well as damages,

1  to require the defendants to cease enforcement, and adherence thereto, of the "Guidelines for any
2  Person or Group Wishing to Stage an Event the Week of July 24-August 1, 2004 (This
3  permitting process of the defendants shall hereinafter be referred to as "guidelines)." This
4  guideline is being utilized by the defendants in ascertaining whether or not to issue a permit(s) to
5  individuals and groups who intend to conduct First Amendment activity during the Democratic
6  National Convention being held in the City of Boston during the time noted above in the
7  "guidelines".
8      The "guidelines" being proffered by the defendants in determination as to whether or not
9  a permit(s) should issue represents a prior restraint against First Amendment speech and is
10 therefore impermissible. The defendants have promulgated these at-issue "guidelines"
11 specifically for the Democratic National Convention as noted in Exhibit #1, (hereby incorporated
12 by reference and attached hereto) as indicated herewith:
13     "In order to implement an efficient process for the permitting of public events during the
14     week of the Democratic National Convention, the City of Boston is instituting a
15     permitting process for the above dates that is described below."
16     This permitting process provides for an indefinite period of time prior to either granting
17 or denying the permit application, and provides for a number of city agencies to decide whether
18 or not a permit should issue. The "guidelines" of the defendants' fails to take into account the
19 unbridled or unfettered discretion of public officials' thereby according indiscriminate and
20 arbitrary decision making as to the permits that will, or will not be, issued. Although the
21 "guidelines" state that the application must be submitted at least 14 days before the proposed
22 event, and that the applicant will be mailed a written response to their application within 7 days
23 of receipt of a completed application, the "guidelines also provide that the period of time may
24 extended by an additional 7 days, if necessary. The "guidelines" then dictate and order that the
25 applicant will be directed to other appropriate agencies to obtain the required permits. Finally,
26 after consulting with various agencies in an attempt to procure the permit(s), the applicant shall
27 return to the Office of Consumer Affairs and Licensing for final approval of the event
28 application.

COMPLAINT - 2

The permitting process is skewed in that it fails to provide any time limits within which the other relevant agencies shall act in approving the application. This leaves the applicant in limbo as to whether or not his/her event can be planned and furthermore, and more importantly, limits the appeal process and court intervention by the very process itself as to the waiting period dictated within the "guidelines". The applicant, and more specifically, these complaining plaintiffs', is required to jump through several hurdles and negotiate a path of confusion and bureaucracy that amounts to impermissible constitutional restrictions upon these plaintiffs First Amendment rights. Thus, the defendant's regulatory scheme allows indefinite postponement of the issuance of the permit(s). Taking into account that the event that surrounds this new permitting process is the Democratic National Convention, and considering that this event only takes place every four years, the defendants have ordered and established the possibility, by manner of their permitting scheme, that no one individual or group may be allowed to exercise their First Amendment rights during the Democratic National Convention based upon the limitless time the defendants have to approve permit applications.

2. An actual controversy exists between these two parties involving substantial constitutional issues. Defendants are responsible for the control and adherence to the new "guidelines" initiated by the defendants for purposes of the Democratic National Convention. The defendants' "guidelines" subject plaintiffs' to indiscriminate and arbitrary decisions by public officials employed by the defendants in determining whether or not to grant or deny the permit applications of the plaintiffs.

## JURISDICTION AND VENUE

3. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343.

4. Because these two plaintiffs have submitted and/or intend to submit applications for permits to the defendants in order to conduct events during the week of July 24 through August 1, 2004, and furthermore, pursuant to the defendants residing within this Court's district, and finally, because the subject matter is located within the City of Boston, venue is proper in the

COMPLAINT - 3

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

United States District Court for the District of Massachusetts, Eastern Division pursuant to 28 U.S.C. Section 1391.

## PARTIES

5. Plaintiff Reverend Patrick J. Mahoney is a resident of the State of Virginia, and an individual that chooses to exercise his First Amendment rights throughout this nation. Plaintiff Mahoney is an ordained Presbyterian Minister and holds firm the belief that Jesus Christ is Lord and Savior. Plaintiff Mahoney firmly believes that he has been commissioned by the Lord Jesus Christ to spread the good news of the gospel, and to speak out against the abortion industry. Plaintiff Mahoney has submitted an application(s) to receive several permits allowing him to exercise his First Amendment rights during the week of July 24 through August 1, 2004 in Boston at the Democratic National Convention, to the defendants.

6. Plaintiff Christian Defense Coalition is an unincorporated religious association domiciled primarily in Washington, DC. This plaintiff holds firm the same beliefs of plaintiff Mahoney, as to the members of the Christian Defense Coalition, that Jesus Christ is Lord and that they are under a commission to tell the good news of Jesus Christ. This commission includes speaking out at national events in the exercise of their First Amendment and constitutional rights. Plaintiff Christian Defense Coalition intends to sponsor several rallies in Boston during the week of July 24 through August 1, 2004 at the Democratic National Convention. Therefore, this plaintiff falls subject to the "guidelines" of the defendants in attempting to procure necessary permits to engage in their constitutional activities at the Democratic National Convention.

7. Plaintiff Operation Rescue Boston is an unincorporated Pro-Life association that holds firm the belief that human life is sacred and that abortion is the killing of children. Operation Rescue Boston intends to exercise their First Amendment rights during the week of July 24 through August 1, 2004 at the Democratic National Convention. Operation Rescue Boston is domiciled in Braintree Massachusetts.

8. Plaintiff Operation Rescue West is an unincorporated Pro-Life association that holds firm the belief that human life is sacred and that abortion is the killing of children.

COMPLAINT - 4

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

Operation Rescue West intends to exercise their First Amendment rights during the week of July 24 through August 1, 2004 at the Democratic National Convention. Operation Rescue West is domiciled in Wichita, Kansas.

9. Defendants are sued in their official capacity as the City of Boston and the Mayor of the City of Boston. The defendants have control and authority over the "guidelines" complained of in this complaint.

## STATEMENT OF FACTS

10. The City of Boston and the Mayor of Boston have issued new rules requiring groups and individuals to obtain additional approval before they can legally protest or hold other public events during the week of July 24 through August 1, 2004, the same week the Democratic National Convention is being held in the City of Boston.

11. These new "guidelines" require an individual or group to submit an application for a permit at least 14 days prior to the proposed event. The "guidelines" read as follows:

**Step 1**

"Submit a completed Event Application for the Week of July 24 through August 1, 2004 to the Office of Consumer Affairs and Licensing, Rm. 817, Boston City Hall, Boston MA.

The Application must be submitted at least 14 days before the proposed event.

The Office of Consumer Affairs will review the application and, unless there are specific reasons for denying the application, direct the applicant in writing to the appropriate agencies and departments for additional permits. If no permit is required for the described activity, the applicant will be so informed. The applicant will be mailed a written response to their application within 7 days of receipt of a completed application. This period may be extended by an additional 7 days, if necessary.

**Step 2**

The Office of Consumer Affairs and Licensing will direct the applicant to the appropriate agencies to obtain the required permits. The applicant will be responsible for supplying any necessary information in order to obtain the appropriate permits from those agencies.

**Step 3**

COMPLAINT - 5

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

The applicant will then file any necessary permits with the Office of Consumer Affairs and Licensing, Rm. 817, Boston City Hall, Boston MA for final approval of the event application.

12. The permitting process fails to place any time limitations on the time within which the appropriate agencies and departments have to respond to the application request. This, in turn, allows for an indefinite postponement of the issuance of a permit.

13. Furthermore, under the scheme employed and promulgated by the defendants as to the permitting process, after July 10, 2004, no one individual or group, including these plaintiffs, may apply for a permit to exercise their constitutional rights during the Democratic National Convention. The application process works an undue hardship upon these plaintiffs and deprives and infringes upon these plaintiffs First Amendment rights. The events that take place during the Democratic National Convention are fluid and may change upon a moments notice. Any attempt by these plaintiffs to react to changing scenarios and in furtherance of their First Amendment rights will be precluded and considered unlawful without the necessary permits.

14. The defendants have changed their normal process of approval for permits pursuant to the Democratic National Convention. Heretofore, permit applications were acted upon within 72 hours, or three days. The new "guidelines" allow for the process to be extended indefinitely.

15. The complained of "guidelines" allows for the enjoyment of unduly broad discretion in determining whether to grant or deny a permit by public officials of the plaintiffs' permit applications. The plaintiffs must confer with potentially several different public officials of the various agencies and departments as demanded by the "guidelines". There are no provisions inherent in the "guidelines" that safeguard the plaintiffs' permit application from unfettered or unbridled discretion by these public officials in the determination of granting or denying the plaintiffs' applications.

16. The new permitting process (guidelines) of the defendants' amount to an impermissible prior restraint on the First Amendment rights of these complaining plaintiffs.

COMPLAINT - 6

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

17. As a result of the defendant's conduct, plaintiffs' have suffered, are suffering, and will continue to suffer severe, irreparable injuries and violations of their fundamental federal and state constitutional and statutory rights by virtue of the policy and practices set forth herein. Moreover, the acts of the defendants chill and deter and will continue to chill and deter plaintiff's exercise of their constitutional rights.

18. Unless restrained by this Court, defendants will continue in their unbridled discretion to enforce the policy of prior restraints inherent in the "guidelines" promulgated by the defendants in an impermissible manner and in violation of the plaintiffs First Amendment rights.

19. Plaintiffs have no plain, adequate, or complete remedy at law to address these violations of their constitutional rights, and injunctive and declaratory relief are plaintiff's only means of securing complete and adequate relief. No other remedy would offer plaintiffs substantial and complete protection from continuation of defendant's unlawful and unconstitutional acts, policies, and practices.

20. The continued irreparable injury of plaintiffs' fundamental rights is both great and immediate, as defendants' interpretation and application of their "guidelines" flagrantly violate and impede plaintiffs' federal and state constitutional and statutory rights. The future chilling of these rights is an absolute certainty unless and until this Court grants the relief requested herein. Each day plaintiffs' rights are abridged, they have lost what they cannot regain. Under these circumstances, remedies at law are entirely inadequate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Claim for Violation of Plaintiffs Constitutional Rights to Freedom of Speech as guaranteed by the First Amendment**

21. The plaintiffs hereby incorporate by reference paragraphs 1 through 20 of this complaint as though fully set forth herein.

22. By policy and practice, defendants have created an open forum by government designation by making public property indiscriminately available to "community groups and organizations that provide information, counseling, educational, social, cultural, and recreational

COMPLAINT - 7

activities." The defendants have further created an open forum of free speech by displaying and allowing to be displayed in and throughout the City of Boston, numerous monuments and other articles that include speech of different opinions and beliefs, including but not limited to, the staging of public events.

23. Defendants have initiated a new permitting process succinct to the week of July 24 through August 1, 2004 during the time of the Democratic National Convention. The defendants have changed their normal process of approval for permits pursuant to the Democratic National Convention. Heretofore, permit applications were acted upon within 72 hours, or three days. The new "guidelines" allow for the process to be extended indefinitely. The complained of "guidelines" allows for the enjoyment of unduly broad discretion in determining whether to grant or deny a permit by public officials of the plaintiffs' permit applications. The plaintiffs must confer with potentially several different public officials of the various agencies and departments as demanded by the "guidelines". There are no provisions inherent in the "guidelines" that safeguard the plaintiffs' permit application from unfettered or unbridled discretion by these public officials in the determination of granting or denying the plaintiffs' applications.

24. No compelling government interest exists which justifies defendants' discrimination against plaintiffs.

25. Defendant's discrimination against protected speech is not a narrowly tailored means enacted to serve a compelling government interest.

26. Defendants have imposed an unlawful system of prior restraint in violation of the rights to freedom of speech which are clearly established under the United States Constitution.

27. The defendants' new permitting process (guidelines) is facially unconstitutional due to overbreadth because it unnecessarily sweeps protected speech within its application.

28. The defendants' prohibition is unconstitutional on its face and as applied because it discriminates against protected First Amendment speech in a designated open forum.

WHEREFORE, PLAINTIFFS respectfully pray that the Court grant the relief set forth hereinafter in the Prayer for Relief.

## SECOND CAUSE OF ACTION

### Claim for Violation of Plaintiffs' Constitutional Rights to Due Process of Law as Guaranteed by the Fourteenth Amendment to the United States Constitution

29.  The plaintiffs hereby incorporate by reference paragraphs 1 through 28 of this complaint as though fully set forth herein.

30.  The prohibition of protected speech by defendants impacts speech without any clear or precise standards subject to objective measurement or application, but instead are given meaning only through the exercise of unbridled discretion by those responsible for the enforcement of the "guidelines" complained of herein.

31.  The "guidelines" are unconstitutionally vague on their face because they allow the defendants to indefinitely postpone a decision as to granting or denying the applications of the plaintiffs for permits during the week of July 24 through August 1, 2004, thereby depriving the plaintiffs of their constitutional rights to free speech.

WHEREFORE, PLAINTIFFS respectfully pray that the Court grant the relief set forth hereinafter in the Prayer for Relief.

## THIRD CAUSE OF ACTION

### Claim for Violation of Plaintiffs' Constitutional Rights to Freedom of Association and Assembly

32.  The plaintiffs hereby incorporate by reference paragraphs 1 through 31 of this complaint as though fully set forth herein.

COMPLAINT - 9

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

33.    The "guidelines" of the defendants is unconstitutional on its face and/or as applied in that it does not bear a rational relationship to the purpose that the "guidelines" are intended to accomplish.

34.    The plaintiffs intend to peacefully assembly and exercise their constitutional right to association during the Democratic National Convention. The "guidelines" of the defendants prevent them from doing so until and unless the plaintiffs are able to procure, if at all, the permits required pursuant to the new permitting process of the defendants.

35.    The plaintiffs intend to exercise the protected constitutional activity of free speech, freedom of association and freedom of assembly in Boston during the Democratic National Convention.

36.    The defendants "guidelines" interfere with the plaintiffs' rights to assemble and associate in Boston during the Democratic National Convention in the public square and therefore, the "guidelines" of the defendants should be declared unconstitutional. Defendants should be enjoined from enforcing, effecting, or otherwise implementing the "guidelines" complained of herein.

WHEREFORE, PLAINTIFFS respectfully pray that the Court grant the relief set forth hereinafter in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray this Honorable Court grant the following judgment in plaintiff's favor and the following relief:

1.    Declaratory relief that defendants' conduct of utilizing/enforcing the guidelines in regard the issuance of permits involving First Amendment rights would and does violate the plaintiffs rights under the First and Fourteenth Amendments;

COMPLAINT - 10

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

2. Enter a permanent injunction requiring the defendants, their agents, employees, and all persons acting in concert with defendants to refrain from utilizing and/or enforcing the newly enacted guidelines relevant to the permitting process;

3. In the event that defendants enforce the newly enacted permitting guidelines against these plaintiffs before this matter can be heard by the Court, that this Court issue an order requiring the defendants to refrain from utilization and/or enforcement of the guidelines and thereafter a permanent injunction would issue against defendants, their agents, employees and all acting in concert with them and preclude them from utilizing and/or enforcement of the newly enacted permitting process;

4. Enter a preliminary and permanent injunctive relief to prevent the defendants, their officers, agents, employees, successors, attorneys, and all persons acting in concert with them to be restrained and enjoined from interfering in any manner with plaintiffs fundamental rights of free speech, due process of law and freedom of assembly and association;

5. That the Court judge, decree, declare, and render a Declaratory Judgment that the prohibition of plaintiffs' speech and the newly enacted guidelines is unconstitutional on its face and/or as applied to suppress plaintiffs' First Amendment rights in violation of the First and Fourteenth Amendments to the United States Constitution;

6. That this Court retain jurisdiction of this matter for the purposes of enforcing the Court order;

7. That the Court exercise its discretion pursuant to Rule 65 of the Federal Rules of Civil Procedure to accelerate the trial on the merits;

8. That this Court issue the requested injunctive relief without a condition of bond or surety or other security being required of plaintiffs;

COMPLAINT - 11

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

9. That this Court order a trial by jury to access actual and compensatory damages suffered by these plaintiffs due to defendants flagrant violation of plaintiffs constitutional rights;

10. Award the plaintiff reasonable costs and attorneys' fees pursuant to U.S.C. Section 1988; and

11. Grant the plaintiffs such other relief as the Court deems necessary and proper.

### *THE PLAINTIFFS HEREBY DEMAND A JURY TRIAL*

Dated: May 16, 2004.

Respectfully submitted,

CHAVEZ-OCHOA LAW OFFICES

_____
Brian R. Chavez-Ochoa
California State Bar #190289
Lead Counsel for the Plaintiffs

COMPLAINT - 12

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090